UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| K.M. ZAKEL,<br><br>              Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>              Defendant. | Case No. C23-5408-SKV<br><br>ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her application for Supplemental Security Income (SSI). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1985, has a high school education, and has worked as a cannery worker, paper carrier, and paint brush production worker. AR 250, 287–88. Plaintiff was last gainfully employed in 2008. AR 261.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 1

In 2016, Plaintiff applied for benefits, alleging disability as of June 1, 2009. AR 237–47, 250–55. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. AR 158–66, 170–72, 173. After the ALJ conducted a hearing on April 3, 2019, the ALJ issued a decision finding Plaintiff not disabled. AR 39–60. The Appeals Council denied Plaintiff's request for review, AR 1–7, and Plaintiff initiated a civil action, *see Zakel v. Commissioner*, C20-5411-MLP.

On June 21, 2021, this Court reversed the ALJ's decision and remanded Plaintiff's claim for a new hearing. AR 946–53. The ALJ held a new hearing on November 1, 2022, AR 888–919, and again issued a decision finding Plaintiff not disabled, AR 861–87. The present appeal followed.

**THE ALJ'S DECISION**

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since November 9, 2016, the application date.

**Step two**: Plaintiff has the following severe impairments: Cervical Degenerative Disc Disease, Thoracic Degenerative Disc Disease, Left Shoulder Impingement Syndrome, Learning Disorder, Neurocognitive Disorder, and Avoidant Personality Disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Plaintiff can perform light work as defined in 20 CFR 416.967(b). Plaintiff can only occasionally climb ladders/ropes/scaffolds, and occasional crawl. Plaintiff can have occasional exposure to vibration and extreme cold temperatures. She can do only occasional overhead reaching bilaterally. Plaintiff can understand, remember, and apply short, simple instructions, while performing routine, predictable tasks, but not in a fast-paced, production type environment. Plaintiff can make simple decisions. She can tolerate exposure to occasional, routine workplace changes. Plaintiff can have only occasional interaction with the general public.

**Step four**: Plaintiff cannot perform past relevant work.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 867–79.

The parties agree that the ALJ erred and this case should be remanded; however, they disagree on the remedy. Plaintiff contends that this Court should remand this case for a finding of disability, rather than for further administrative proceedings, Dkt. 13 at 18–19, whereas the Commissioner contends this case should be remanded for further administrative proceedings, Dkt. 22 at 4–5.

## DISCUSSION

"A claimant is not entitled to benefits under the [Social Security Act] unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). Thus, when a court overturns an ALJ's decision, "[t]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (citation omitted). In extraordinary instances, however, a court may deviate from this course, credit evidence as true, and remand a case for a finding of disability based on that evidence. *See, e.g.*, *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1400–01 (9th Cir. 1988).

Before remanding a case for an award of benefits, the three requirements of the "credit-as-true" test must be met. First, the ALJ must have "'failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second, the Court must conclude "'the record has been fully developed and further administrative proceedings would serve no useful purpose.'" *Id.* In so doing, the Court

ORDER REVERSING THE COMMISSIONER'S
DECISION - 3

considers the existence of "'outstanding issues'" that must be resolved before a disability determination can be made. *Id.* (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014)). Third, the Court must conclude that, "'if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Id.* (quoting *Garrison*, 759 F.3d at 1021). Even with satisfaction of the three requirements, the Court retains flexibility in determining the proper remedy. *Id.* (quoting *Garrison*, 759 F.3d at 1021). The Court may remand for further proceedings "'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'" *Id.*

Plaintiff argues that the ALJ erred by failing to properly evaluate medical evidence, Plaintiff's testimony, and the lay evidence. Dkt. 13 at 3–17. Plaintiff contends that, credited as true, this evidence shows that Plaintiff is disabled and that, because the record as a whole does not create serious doubt that Plaintiff has been disabled since the alleged onset date, the Court should exercise its discretion and remand Plaintiff's claim for an award of benefits. *Id.* at 19. The Commissioner, however, contends that further factual development is necessary and that there is serious doubt as to whether Plaintiff is disabled, meaning this case should be remanded for further administrative proceedings. Dkt. 22 at 3–5.

Although the parties agree that the ALJ failed to provide sufficient reasons for rejecting certain evidence, it is not clear that even if the improperly rejected evidence were credited as true, an ALJ would be required to find Plaintiff disabled. *See Treichler*, 775 F.3d at 1103–04 (instructing that the second prong of the credit-as-true test requires a court to "consider whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable

ORDER REVERSING THE COMMISSIONER'S
DECISION - 4

legal rules"). For example, in her application for disability benefits, Plaintiff alleged she could not work due to physical and mental limitations. AR 264–69. She indicated she could only lift five pounds and had problems bending, sitting, and standing. AR 269. But Plaintiff reported activities that undermined these alleged limitations, including mowing the lawn, cleaning, feeding dogs and cats, and doing laundry. AR 265–68. Moreover, medical clinicians reported that Plaintiff had normal gait and coordination, intact sensation, and normal strength in her arms. *See* AR 580, 644, 674, 842. Plaintiff alleged problems concentrating, completing tasks, understanding, and following instructions. AR 269. Yet she also indicated she spent her time doing repairs around the house, building model cars, working on small engines, and could pay bills and handle a savings account. AR 266–68, 600. And clinicians reported that Plaintiff's mental status examination findings were normal. AR 598 (reporting adequate attention and concentration skills), 715 (unremarkable psychiatric examination findings), 721–22 (same), 725 (same), 741 (same). These conflicts and ambiguities highlight the need to further develop the record.

Thus, the Court finds that further administrative proceedings would be useful in order to allow the ALJ to reevaluate the improperly rejected evidence. Accordingly, remand for further administrative proceedings is the proper remedy.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should offer Plaintiff the opportunity for a hearing; take any further action to complete the administrative record; reevaluate the medical evidence, including the opinion of Dr. Keith Krueger, Ph.D.; reassess Plaintiff's subjective symptom

statements and the lay evidence, including the statement of Marilyn Meldrich; reassess the RFC as necessary; and issue a new decision.[3]

Dated this 13th day of February, 2024.

S. KATE VAUGHAN
United States Magistrate Judge

---

[3] The Commissioner does not explicitly concede that reconsideration of Plaintiff's testimony and all lay evidence is necessary; however, because the Commissioner agrees to reconsideration of all medical opinion evidence, the ALJ must also necessarily reconsider Plaintiff's testimony and the lay evidence. *See* 20 C.F.R. § 416.929(c).

ORDER REVERSING THE COMMISSIONER'S
DECISION - 6